**Robert A. HEFNER III, Trustee of the Robert A. Hefner IV Trust, The Catherine Eva Hefner Trust and The Charles Ray Hefner Trust Created Under The Last Will and Testament of Robert A. Hefner, Jr., Deceased, Plaintiff,**

**v.**

**The UNITED STATES of America, Defendant.**

**No. CIV–92–1111–C.**

United States District Court, W.D. Oklahoma.

April 14, 1993.

John R. Morris of McAfee & Taft, Oklahoma City, OK, for plaintiff.

Charles P. Hurley, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

CAUTHRON, District Judge.

Robert A. Hefner, Jr. died on May 18, 1987, leaving as part of his estate a large

cattle ranch and extensive oil, gas, and mineral interests. These properties were operated as an ongoing business by Hefner before his death, and thereafter, with approval of the Probate Division of the Oklahoma County District Court pursuant to 58 Okla. Stat. § 263, by the estate executor, Robert A. Hefner III. The executor is the plaintiff in this action.

The probate court was asked to approve an administration agreement between the estate and The GHK Company to operate the ranch and mineral concerns. The administration agreement provided that GHK would operate the concerns during the probate proceedings in exchange for a one time payment of $75,000, plus $50,000 per month for 33.5 months. The probate court approved the administration agreement, and GHK eventually received $1.75 million in fees from the estate for its services.*

When plaintiff filed the estate's tax return he claimed GHK's $1.75 million fee as an administrative expense pursuant to 26 U.S.C. § 2053 and deducted it from the value of the gross estate. The Internal Revenue Service, apparently relying on the definition of administrative expenses set forth in 26 C.F.R. § 20.2053–3(a) and (d)(1), disallowed the deduction and issued a notice of deficiency. The estate paid $1,356,684.43 and filed a claim for a refund. After the claim was denied this action was commenced pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7430. Plaintiff brings a motion for partial summary judgment seeking the invalidation of 26 C.F.R. § 20.2053–3 as imposing requirements different from and at odds with the statute.

 The provision of the tax code at issue here provides in pertinent part:

(a) General rule.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

. . . . .

---

* The United States points out that The GHK Company is a partnership of which Robert A. Hefner III is the general partner. Plaintiff makes no secret of this fact, and adds that the partnership

(2) for administration expenses,

. . . . .

as are allowable by the laws of the jurisdiction ... under which the estate is being administered.

26 U.S.C. § 2053. A limitation on the deductions is found in subsection (c)(2) of the statute and generally provides that all deductions taken under subsection (a) may not exceed the value of the portion of the gross estate subject to claims. 26 U.S.C. § 2053(c)(2). Plaintiff therefore contends that to satisfy the statute, the administrative expenses he paid need only satisfy two requirements: (1) they must be allowable by Oklahoma law, and (2) they must not have exceeded the value of that portion of the gross estate subject to claims. Plaintiff's motion for partial summary judgment at 8 (Nov. 25, 1992).

Title 26 C.F.R. § 20.2053–3(a) provides in pertinent part:

The amounts deductible from a decedent's gross estate as "administration expenses" ... are limited to such expenses as are actually and necessarily, incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee.... Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions.

Plaintiff contends these provisions, among others, are at odds with the plain wording of the statute. In point, plaintiff contends the regulations impermissibly (1) *add* the requirement that the expenses be necessarily incurred; (2) *limits* "'administration of the estate' to 'the collection of assets, payment of debts, and distribution of property to the

comprises Hefner III and The GHK Corporation. The latter entity's sole shareholder is Hefner III. This information appears irrelevant to the issue now before the Court.

772

persons entitled to it;'" (3) limits the nature of deductible expenses to only those attendant to estate settlement or property transfer; (4) disallows deductions for expenditures deemed non-essential to the estate settlement; and (5) requires that before certain expenses for the storing or maintaining of property are deductible it be impossible to effect an immediate distribution of property. Plaintiff's motion for partial summary judgment at 11–12 (Nov. 25, 1992). The crux of plaintiff's argument is that these additional requirements and definitions are inconsistent with the statute and render the regulations invalid.

■ The United States responds with several arguments, chief among them the precept that regulations promulgated by an agency charged with enforcing a statute are entitled to great deference by the courts. A two-step process is involved in reviewing an agency's construction of a statute. The first step is to determine whether the congressional intent is clear. If it is not, the next question is whether, on the specific issue on which the statute is silent or ambiguous, the agency's regulation is a permissible construction. *Chevron, U.S.A. v. Natural Resource Counsel,* 467 U.S. 837, 842–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). As the United States effectively points out, the Court is not to make these determinations by looking to "a single sentence or a member of a sentence, but [by] look[ing] to the provisions of the whole law, and to its object and policy." *Dole v. United Steelworkers,* 494 U.S. 26, 35, 110 S.Ct. 929, 934, 108 L.Ed.2d 23 (1990).

In the context of reviewing tax code regulations

[t]he role of the judiciary ... begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner.

*United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967).

Within this framework the Court approaches the question of whether 26 C.F.R. § 20.2053–3 is a valid construction of the statute. The first question, whether congressional intent is clear, must be answered

no. Obviously, as demonstrated by the facts of this case, an ambiguity exists in the definition of administrative expense. The ambiguity exists both in the literal definition of the term and in the Commissioner's limitations and restrictions on its use. In so finding, the next step is to ask whether the Commissioner's regulations are permissible. That question must be answered yes, if for no other reason than they are not "'unreasonable and plainly inconsistent with the revenue statute.'" *Fulman v. United States,* 434 U.S. 528, 533, 98 S.Ct. 841, 845, 55 L.Ed.2d 1 (1978) (quoting *Bingler v. Johnson,* 394 U.S. 741, 749–50, 89 S.Ct. 1439, 1444–45, 22 L.Ed.2d 695 (1969)).

The Court cannot conclude that the regulations are inconsistent with the statute, even given that the Oklahoma probate court approved the administration expenses in advance. One possible interpretation is that the local law provision is a threshold to cross before the administrative expenses are deductible, and that after crossing that threshold, the expenses must yet comply with the regulations to be deductible. This interpretation alone, even if not one adopted by the Commissioner, removes the regulations from the arena of facial inconsistency. The regulations are indeed consistent with all of the estate tax provisions and their object and policy.

The regulations have been upheld by several other circuits, albeit not yet in this Circuit, and despite plaintiff's excellent and spirited arguments that the other circuits' reasoning is flawed, this Court will abide by them. *See Estate of Love v. Commissioner,* 923 F.2d 335, 337–39 (4th Cir.1991); *Hibernia Bank v. United States,* 581 F.2d 741, 744–47 (9th Cir.1978); *Pitner v. United States,* 388 F.2d 651, 659–60 (5th Cir.1967). Plaintiff's motion for partial summary judgment must be denied.

In denying plaintiff's motion the Court is *not* concluding that the administrative expenses are not deductible. This matter will proceed to trial on the issue of whether the administrative expenses claimed by plaintiff were properly disallowed by the Commissioner.

## CONCLUSION

For the reasons explained above, plaintiff's November 25, 1992, motion for partial summary judgment is DENIED.

**IT IS SO ORDERED.**